The Honorable Bud Canada State Senator P.O. Box 2210 Hot Springs, Arkansas 71914
Dear Senator Canada:
This is in response to your request for an opinion on three questions, as follows:
 1. Do either municipalities, counties, or airport commissions have the power or authority to impose a gross receipts fee or tax upon the gross receipts received by a vehicle rental company operating upon airport property or picks up a passenger from such airport grounds, as part of the vehicle rental company's privilege of utilizing the airport facilities in any way?
 2. Please specifically address whether the imposition of such fee or tax must first be favorably voted on by the voters of the city or county, in which the effected [sic] airport is located, before such gross receipts fee or tax may legally be imposed or collected by the airport commission charged with the operation of such airport facility.
 3. If such a fee, tax, or percentage is charged to the rental car company, does that amount under present law have to be disclosed to the rent paying passenger on the rental contract as a separate item?
In my opinion, the answer to your first question is "no." Municipalities and counties are prohibited by statute from levying gross receipts taxes other than those authorized by law. A.C.A. §§ 14-43-606(a) (municipalities) and 26-73-103(g) (Pamphlet 1995) (cities and counties).See also A.C.A. § 14-14-806(1) (counties). No municipal or county tax on gross receipts arising from vehicle rental (apart from such taxes imposed on a county-wide or city-wide basis) is currently authorized by law.[1]See A.C.A. §§ 26-74-201 to -223 (1987 Cum. Supp. 1993), 26-74-301 to -319 (1987 Cum. Supp. 1993), 26-74-401 to -414 (Cum. Supp. 1993),26-74-501 to -505 (Cum. Supp. 1993), 26-75-201 to -223 (1987 Cum. Supp. 1993), 26-75-301 to -318 (1987 Cum. Supp. 1993), 26-75-401 to -410 (1987 Cum. Supp. 1993), 26-75-501 to -507 (1987 Cum. Supp. 1993), 26-75-601 to -618 (1987 Cum. Supp. 1993), 26-75-701 to -705 (1987), 26-75-801 (Cum. Supp. 1993).
With limited exceptions not relevant here,[2] airport commissions created by local governments have no taxing authority. See A.C.A. §§14-357-101 to -108, 14-359-101 to -120 (1987 Cum. Supp. 1993),14-360-202, 14-361-101 to 124, 14-362-101 to -131 (1987 Cum. Supp. 1993). County airport commissions and joint municipal airport commissions do have express statutory authority to establish charges for the use of airport facilities, A.C.A. §§ 14-357-105(a)(2)(A) and 14-360-202, and it is likely that other airport commissions created by local governments also have such power implicitly or as a necessary incident to their general authority over airport operations. See, e.g., A.C.A. §§14-359-109(a)(1), 14-359-117.
In my view, however, a charge imposed by an airport commission (or by a county or municipality) based upon a payor's gross receipts would likely be deemed to be a tax rather than a fee. In City of Marion v. Baioni,312 Ark. 423, 850 S.W.2d 1 (1993), the court held that a governmental levy, in order not to be deemed a tax, must "bear a reasonable relationship to the benefits conferred on those receiving the services."312 Ark. at 426. It appears to me that a charge based upon the payor's gross receipts arising from vehicle rentals would bear only a tenuous relationship to the benefits accruing to the payor. I do not perceive how the benefit conferred can vary according to the vehicle's rental rate; it would seem that the benefit would be the same on a per-vehicle basis regardless of the amount of money charged to the customer.
Because there is no statutory authority to levy a discrete tax on gross receipts arising from vehicle rentals, and because such a charge likely would be deemed to be a tax rather than a fee, it is my opinion that the answer to your first question is "no." Because of this conclusion, your other questions are moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Arkansas Code Annotated § 14-361-123 permits municipalities whose city limits are within five miles of a boundary line of the state to levy a "special tax" for airport purposes. It is not entirely clear whether such a tax may be a gross receipts tax. The provision states that "the total of the special tax, together with all other taxes levied by the municipality, shall not exceed the limit placed on the municipal taxes by Arkansas Constitution, Article 14, § 14. . . ." Arkansas Const. art. 14, § 4, does not contain a limit on municipal taxes, and it appears that the legislature intended the reference to be to Ark. Const. art. 12, § 4, which contains a limit on municipal property taxes. It is my view, therefore, that the special tax authorized by A.C.A. § 14-361-123 likely may only be a property tax.
[2] See A.C.A. §§ 14-362-109(14) and 14-362-109(16) (Cum. Supp. 1993), authorizing regional airport commissions to levy taxes on aviation fuel and passenger boarding and disembarking, respectively, and A.C.A. §14-364-101, authorizing city and county airport commissions to levy a tax on aviation fuel.